IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | |
|---|---|
| OTHA LEE COOPER § | |
|     TDCJ-CID #1292672 § | |
| V. § | C.A. NO. C-05-434 |
| § | |
| R. TREON, ET AL. § | |

## OPINION AND ORDER OF DISMISSAL

This is a civil rights action filed by a state prisoner pursuant to 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), any prisoner action brought under federal law must be dismissed if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. See 42 U.S.C. § 1997e(c); 28 U.S.C. §§ 1915(e)(2), 1915A. Plaintiff has sought leave to proceed *in forma pauperis* (D.E. 2), though his action is subject to screening regardless whether he prepays the entire filing fee or proceeds as a pauper. Ruiz v. United States, 160 F.3d 273, 274 (5th Cir. 1998) (per curiam); Martin v. Scott, 156 F.3d 578, 580 (5th Cir. 1998) (per curiam), cert. denied, 527 U.S. 1041 (1999). Plaintiff's *pro se* complaint must be read indulgently, Haines v. Kerner, 404 U.S. 519, 520 (1972), and his allegations must be accepted as true, unless they are clearly irrational or wholly incredible, Denton v. Hernandez, 504 U.S. 25, 33 (1992).

## I. JURISDICTION

The Court has federal question jurisdiction over this civil rights action pursuant to 28 U.S.C. § 1331. Plaintiff consented to the jurisdiction of a United States Magistrate Judge (D.E. 10), and the case was reassigned to the undersigned. See 28 U.S.C. § 636(c).

## II. FACTUAL ALLEGATIONS

Plaintiff is currently incarcerated at the Dalhart Unit in Dalhart, Texas, but his complaint concerns events that occurred while he was incarcerated at the Garza East Transfer Facility in Beeville, Texas. Plaintiff complains that numerous living conditions at the Garza East Transfer Facility constitute constitutional violations. He alleges that inmates are being forced to eat with dirty utensils and from dirty trays because the boiler is not working and only one dishwasher works. He claims that many of the walls in the kitchen and dining hall have collapsed or "rotted out," exposing the inner insulation. He claims that the cooking equipment itself, such as steam and cooking pots, short-out or do not work properly. There is only one working oven, resulting in cooked and uncooked food being exposed to flies before and after baking. He claims that there is standing water in the dining hall behind the serving line because the drains do not work properly. For relief, plaintiff seeks a hearing on his claims. He also requests that there be a court-ordered investigation of the facility.

### III.  DISCUSSION

#### A.    Legal Standard

Regardless of whether a plaintiff has properly exhausted his administrative remedies, his action may be dismissed as frivolous or for failure to state a claim upon which relief may be granted. 42 U.S.C. § 1997e(c)(2). A complaint may be dismissed as frivolous if it lacks an arguable basis in law or fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Siglar v. Hightower, 112 F.3d 191, 193 (5th Cir. 1997). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." Siglar, 112 F.3d at 193. An action may be

dismissed for failure to state a claim when it is clear that the prisoner can prove no set of facts in support of his claim entitling him to relief. Oliver v. Scott, 276 F.3d 736, 740 (5th Cir. 2002).

**B.      Conditions of confinement.**

The Supreme Court has held that "[t]he Constitution does not mandate comfortable prisons, but neither does it permit inhumane ones." Farmer v. Brennan, 511 U.S. 825, 832 (1994). The Eighth Amendment's prohibition on cruel and unusual punishment requires that prison officials provide humane conditions of confinement. Prison officials must "ensure that inmates receive adequate food, clothing, shelter, and medical care, and . . . 'take reasonable measures to guarantee the safety of the inmates.'" Id. (quoting Hudson v. Palmer, 468 U.S. 517, 526-27 (1984)).

Two requirements must be met in order for a prison official to be held liable under the Eighth Amendment for denying humane conditions of confinement. First, there is an objective requirement that the condition must be "so serious as to deprive prisoners of the minimal civilized measure of life's necessities, as when it denies the prisoner some basic human need." Woods v. Edwards, 51 F.3d 577, 581 (5th Cir. 1995) (quotation marks omitted). In evaluating conditions of confinement, the totality of the circumstances of the inmate's confinement, including the duration of the circumstances, must be considered. Palmer v. Johnson, 193 F.3d 346, 353 (5th Cir. 1999).

Second, the subjective requirement requires that it be determined whether the prison official was deliberately indifferent to an inmate's health or safety. Farmer, 511 U.S. at 834. "Deliberate indifference describes a state of mind more blameworthy than negligence"; there must be "more than ordinary lack of due care for the prisoner's interests or safety." Id. at 835

(construing Estelle v. Gamble, 429 U.S. 97, 104 (1976)).  To act with deliberate indifference, a prison official must both know of and disregard "an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference."  Id. at 837.

Assuming plaintiff's allegations as true, the Garza East kitchen, dining hall, and food preparation procedures may in fact pose a risk to plaintiff's health.  However, plaintiff has not alleged that he has ever become sick as a result of any of the alleged violations.  Moreover, plaintiff is barred from recovering damages for mental anguish absent a showing of physical injury.  42 U.S.C. § 1997e(e) (no federal civil action can be brought for mental or emotional injury absent a showing of physical injury); Alexander v. Tippah County, Miss., 351 F.3d 626 (5th Cir. 2003); Jones v. Greninger, 188 F.3d 322, 326 (5th Cir. 1999).  Thus, although plaintiff has raised a cognizable Eighth Amendment claim in his complaint, he has alleged no injury; he is therefore limited to seeking only injunctive relief.

**C.    Injunctive relief and mootness.**

Plaintiff filed suit on August 19, 2005 (D.E. 1).  By notice dated November 18, 2005, plaintiff informed the Court that he had been transferred to the Dalhart Unit.  See D.E. 12.

Article III of the Constitution limits federal "Judicial Power," that is, federal-court jurisdiction, to "Cases' and 'Controversies."  United States Parole Comm'n v. Geraghty, 445 U.S. 388, 395 (1980).  A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome."  Id. at 396 (quoting Powell v. Mcormack, 395 U.S. 486, 496 (1969)); Shute v. State of Texas, 117 F.3d 233, 236 (5th Cir. 1997).  If a dispute has been resolved, or if it has become evanescent because of a change in

circumstances, including the passage of time, it is considered moot. American Medical Ass'n v. Bowen, 857 F.2d 267, 270 (5th Cir. 1988).

The transfer of a prisoner out of an institution will often render his claims for injunctive relief moot unless he can show either a "demonstrated probability" or a "reasonable expectation" that he will be transferred back to the facility. Oliver v. Scott, 276 F.3d 736, 741 (5th Cir. 2002). See Wallace v. Texas Tech Univ., 80 F.3d 1042, 1047 n. 3 (5th Cir. 1996) ("[j]urisdiction over a plaintiff's claims for future relief is appropriate only if a reasonable likelihood exists that plaintiff will again be subjected to the allegedly unconstitutional actions."). See also Herman v. Holiday, 238 F.3d 660, 665 (5th Cir. 2001) (finding that an inmates transfer from a detention center to a state correctional institution mooted his Eighth Amendment claims for declaratory and injunctive relief because any suggestion of a transfer back to the detention center was too speculative to warrant relief); Cooper v. Sheriff, Lubbock County, 929 F.2d 1078, 1084 (5th Cir. 1991) (finding complaint about jail conditions which requested equitable relief was moot where the inmate had been transferred to state prison).

Because plaintiff is no longer on the Garza East Unit, his claims are moot. Moreover, plaintiff has neither alleged nor demonstrated that there is a reasonable likelihood that he will be transferred back to the Garza East Transfer Facility.

## IV.  CONCLUSION

Plaintiff's claims alleging unconstitutional conditions of confinement concerning the Garza East kitchen are no longer viable. Accordingly, plaintiff's action is dismissed as moot

without prejudice to plaintiff reasserting his claims should he be transferred back to the Garza East Unit.

ORDERED this 8th day of March, 2006.

_____
B. JANICE ELLINGTON
UNITED STATES MAGISTRATE JUDGE